IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JUAN DIEGO RESTREPO CADAVID,

        Petitioner,　　　　　　　　　　OPINION AND ORDER

  v.　　　　　　　　　　　　　　　　　　25-cv-405-wmc

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

        Respondent.
_____

Petitioner Juan Diego Restrepo Cadavid is a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Cadavid has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that he is entitled to an earlier release because the Federal Bureau of Prisons ("BOP") has incorrectly construed his immigration detainer as a final order of deportation that disqualifies him for time credits earned under the First Step Act ("FSA"). For the reasons explained below, the court will the petition and dismiss this case with prejudice.

OPINION

Petitioner, who is a citizen of Colombia, is currently serving a 90-month term of imprisonment, to be followed by a 5-year term of supervised release, as the result of a conviction for conspiracy to distribute cocaine. *See United States v. Restrepo Cadavid*, Crim. No. 1:17-20887 (S.D. Fla.). His projected release date is April 26, 2026. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, to challenge the execution of his sentence.

1

*Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ, petitioner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"  18 U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner provides a Detainer Action Letter from the Bureau of Immigration and Customs Enforcement ("ICE"), stating that a detainer has been filed against him as the result of a "Final Order of Removal."  (Dkt. #1-2.)  Therefore, even though petitioner has been receiving credit for institutional programming, he is not eligible to have those FTCs

2

applied for an earlier release date.

Petitioner argues that he is not subject to a "final" order of deportation because he is seeking asylum.  A "final order of removal" is not specifically defined in either the Immigration and Nationality Act ("INA") or the First Step Act. In *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020), the Supreme Court defined that term in the deportation context as a "final order 'concluding that the noncitizen is deportable or ordering deportation.'" *Id*. (quoting 8 U.S.C. § 1101(a)(47)(A)).  The prospect that petitioner might obtain relief in an asylum proceeding does not render his order of removal nonfinal.  *See Jimenez v. Warden, FCI Fort Dix*, No. CV 24-773 (KMW), 2024 WL 3568714, at *1, (D.N.J. July 26, 2024) ("That Petitioner was also granted immigration relief . . . under the CAT [Convention Against Torture] does not change the fact that he has received a final order of removal.") (citing *Nasrallah*, 590 U.S. at 582); *Giang Van Doan v. FCI Berlin Warden*, No. 23-cv-183-LM-AJ, 2024 WL 1095894, at *4, (D.N.H. Feb. 21, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal."), R&R approved, 2024 WL 1093756 (D.N.H. Mar. 13, 2024).  Accordingly, petitioner fails to show that his sentence has been calculated incorrectly.  Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Juan Diego Restrepo Cadavid (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 9th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge